UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tony Dejuan Jackson,    Case No. 19-cv-2612 (JNE/LIB)

        Plaintiff,

v.    **REPORT AND RECOMMENDATION**

Tim Walz, et al.,

        Defendants.

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Tony Dejan Jackson's Complaint, [Docket Nos. 1, 2]; his Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 3]; his Motion for Appointment of Counsel, [Docket No. 4]; and his Motion "to Enjoin." [Docket No. 5].

The Court previously ordered Plaintiff to pay an initial partial filing fee in the present case because of his prisoner status. (Order [Docket No. 10]) (discussing 28 U.S.C. § 1915). That Order forewarned Plaintiff that the Court's initial review of his Complaint found several insufficiencies, and the Court explained those insufficiencies to Plaintiff. (Id.).

Plaintiff has now paid the initial partial filing fee as directed. [Docket No. 11]. Plaintiff's Complaint must now be reviewed pursuant to the standards set forth in 28 U.S.C. § 1915A.

For reasons stated herein, the undersigned recommends the present action be **DISMISSED**.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable

inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009) ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.").

While the Court is required to construe the content of a pro se complaint liberally, a pro se plaintiff is nevertheless bound by applicable procedural and substantive law. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

Courts in this district have "repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant." Gurman v. Metro Hous. And Redev. Auth., 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). More specific to the Plaintiff in the present case, Courts in this District have informed Jackson himself of this Rule 8 standard, as well as, the restrictions on shotgun pleadings; at least one of Plaintiff's previous cases before this Court was dismissed on these grounds. See, Jackson v. Dayton, et al., No. 17-cv-880 (WMW/TNL) (D. Minn.) (Docket Nos. 108, 126).

In the present case, Plaintiff's "kitchen-sink" Complaint patently violates Rule 8. Plaintiff's Complaint is more than 200 pages long across two separate docket entries and names sixty-four (64) Defendants. Further, significant portions of the Complaint are generalized attacks on the

Minnesota prison system at large, rather than an explanation of particularized wrongs caused by any single Defendant against Plaintiff, resulting in harm. This failure alone, represents a sufficient, independent basis to dismiss the present action. See, Jackson v. Dayton, No. 17-cv-880 (WMW/TNL), Report and Recommendation [Docket No. 108] (D. Minn. Apr. 2, 2018) report and recommendation adopted, Order [Docket No. 126] (D. Minn. Aug. 3, 2018).

Moreover, to properly plead a claim, a plaintiff must identify discrete actions taken by individual actors. See, e.g., White v. Jackson, 865 F.3d 1064, 1081 (8th Cir. 2017) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation.") (citing Dahl v. Weber, 580 F.3d 730, 733 (8th Cir. 2009); Wilson v. Northcutt, 441 F.3d 586, 591 (8th Cir. 2006)). As to a claim raised against a supervisor-defendant, detail must be included about the supervisor-defendant's personal involvement as well. See, e.g., Clemmons v. Armontrout, 477 F.3d 962, 977 (8th Cir. 2007) ("To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.").

Plaintiff's Complaint also fails to meet this pleading requirement. Although his Complaint contains lengthy descriptions of perceived deficiencies in the Minnesota prison system at large, Plaintiff's Complaint fails to factual plead personal involvement by the individual Defendants or a reasonable basis upon which personal involvement by the individual Defendants could be inferred.

This failure to plead a defendant's individual involvement is common to Plaintiff's pleadings in previous cases in this District. See, e.g., Jackson v. Dayton, No. 17-cv-880 (WMW/TNL), Report and Recommendation [Docket No. 108] (D. Minn. Apr. 2, 2018) report and recommendation adopted, Order [Docket No. 126] (D. Minn. Aug. 3, 2018). It appears that

Plaintiff may have attempted to abate this deficiency in his present Complaint by providing more than one hundred pages of person-by-person allegations; however, these allegations are highly generalized and still fail to provide any factual allegations as to personal involvement.

For example, in a paragraph purportedly about Lori Swanson, a previous Attorney General for the State of Minnesota, Plaintiff writes:

> [t]he attorney general has authority to initiate legal action for the enforcement of civil laws of the state, the preservation of order, and protection of public rights. The attorney general provides assistance to county attorneys in criminal justice area. As a statewide elected official, the attorney general advocates for a wide range of policy initiatives and legal reforms to protect Minnesotans and enhance their quality of life. Lori Swanson failed to protect the Civil Rights of the Plaintiff and All Similarly Situated Minnesota State Prisoner and is deliberately a Party to collusion, Fraud and a continued Conspiracy to interfere with the Civil Rights of the Plaintiff which involves[.]

(Compl., [Docket No. 1], at ¶ 152). The assertion simply ends with the word "involves," and it is not clearly continued in the next paragraph. Paragraph 152 makes sweeping proclamations about the power or responsibility of a government position without elaborating how the individual specifically harmed Jackson.

Such a broad and threadbare assertion is not sufficient to notify Swanson of a claim against her. This style of sweeping allegations purportedly related to various Defendants and the Minnesota prison system at large continues from page fifty-seven through page 176 of the Complaint. (See, Id. at 57–176).

As was the case in Plaintiff's prior actions in this District, the tenor of Plaintiff's present Complaint is that he does not believe the general conditions of confinement in the Minnesota Department of Corrections are satisfactory. There are constitutional protections for some complaints of this nature—such as if an inmate's cell is uninhabitable, if he is suffering a severe medical condition (such as a broken limb) with no treatment, or if he is kept in solitary confinement

4

twenty-four hours a day with no exercise or food. However, the Constitution does not protect against general dismay with incarceration.

Plaintiff's kitchen-sink pleading cannot proceed before this Court because it falls to comply with Rule 8 and other applicable pleading standards as described above. Each of these failures represents a sufficient, independent basis to dismiss Plaintiff's Complaint.

Additionally, the Complaint does not comply with Federal Rule of Civil Procedure 20(a)(2), which states that defendants can only be joined in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in this action."  "A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (discussing the applicability of Rule 20 to suits filed by pro se inmates).

Plaintiff's Complaint runs afoul of Rule 20 because it takes issue with numerous disjointed aspects of confinement carried out over a span of many years. Such an array of incidents and individuals cannot be combined into a single lawsuit. Even Jackson's "Table of Contents" to his Complaint plainly demonstrates he is attempting to combine several disjointed issues into a single lawsuit. (Compl., [Docket No. 1], at 5–6). Plaintiff lists claims about conditions of confinement, health care, the Minnesota Medicaid Program, retaliation and harassment, the Rush City Correctional Facility, information found on Wikipedia regarding Jodi Huisontruit, rehabilitation programming, and sex offender treatment programs. (Id.). It is a violation of Rule 20 to lump together this many varied issues, and the Court will not accept a pleading with such a clear

5

violation of a procedural rule. This failure too represents a sufficient, independent basis to dismiss Plaintiff's Complaint.

Finally, it is worth noting that many of the claims against many of the parties in this pleading may be barred by res judicata because the issues raised have already been considered and disposed of in Jackson's earlier litigation. See, C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 764 (8th Cir. 2012) (giving a general overview of res judicata claim or issue preclusion). Specifically, Defendants Mark Dayton, Tina Smith, Minnesota Department of Administration, Bruce Reiser, Chris Dodge, Tom Roy, Joseph Bjelland, David Milton, Jeff Lonski, Walmart Corporation, 3M Corporation, Plastech Corporation, Department of Labor, A'Vians Food Service, CWF Solutions LLC, Anagram International Inc., Anderson Windows Corporation, Century College, JPay Inc., Steve Hammer, Eddie Miles, Victor Wanchena, Chris Pawelk, Lisa Stenseth, Byron Matthews, Stephen Harding, Greg Smith, Sandy O'Hara, and Joe Winiecki were all named in Jackson's prior litigation, and the claims in that prior litigation were dismissed with prejudice. See, Jackson v. Dayton, No. 17-cv-880 (WMW/TNL), Order [Docket No. 126] (D. Minn. Aug. 3, 2018).

Thus, based on all of the identified deficiencies, the Court finds it appropriate to recommend dismissal of this action. Based on this recommendation of dismissal, the Court further recommends that Plaintiff's pending Motions be denied as moot.

Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Complaint be **DISMISSED without prejudice** in its entirety for failure to comply with the Federal Rules of Civil Procedure;

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 3], be **DENIED as moot**;

3. Plaintiff's Motion for Appointment of Counsel, [Docket No. 4], be **DENIED as moot**; and

4. Plaintiff's Motion "to Enjoin," [Docket No. 5], be **DENIED as moot**.


Dated: February 19, 2020              s/Leo I. Brisbois
                                      Hon. Leo I. Brisbois
                                      United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).